IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**LARRY GARONE PARKS**                                                                 **PLAINTIFF**
**ADC #128484**

v.                                  No: 2:23-cv-00157-LPR-PSH

**DOES**                                                                                  **DEFENDANTS**

## ORDER

Plaintiff Larry Garone Parks filed a letter concerning conditions in the Arkansas County Detention Center which was docketed as a *pro se* complaint on July 28, 2023 (Doc. No. 1). After being directed to do so, Parks filed an application to proceed *in forma pauperis* (Doc. No. 4). The Court granted Parks' IFP application and directed Parks to file an amended complaint to narrow and clarify his claims (Doc. No. 5). Because Parks has not filed an amended complaint, and the time to do has passed, the Court is prepared to screen Parks' original complaint. However, the Court notes that Parks' letter initiating this lawsuit describes the same issues currently pending in another lawsuit, *Parks v. Does*, 2:22-cv-00230-JTK. Those issues include: exposure to black mold; not getting an hour outside for recreation; issues with meals; and non-working sinks, toilets and showers. Parks may not

litigate those claims in both cases.[1] *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

Parks raises two new claims in the letter he filed initiating this case. First, Parks complains that there are no doctors or nurses on site and guards are allowed to pass out his blood pressure medication. Doc. No. 1 at 1. Second, he states he is denied the opportunity to practice his religion. *Id.* at 2. Parks provides no specific facts to support either of those allegations. Accordingly, the Court will allow Parks one more opportunity to clarify those claims in this case.

In his amended complaint, Parks must assert specific facts describing how his rights were violated and by whom (if he does not know individual defendants' names, he may describe them by appearance and job title).[2] He must also describe how and when these violations occurred and what injuries he sustained as a result of

---

[1] If Parks did not intend to initiate this separate lawsuit, he may file a notice of dismissal to that effect.

[2] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

those violations. Parks' claims must also be factually related if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[3]

The Clerk of Court is directed to send a blank § 1983 complaint form to Parks. Parks is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the undersigned may recommend this case be dismissed.

IT IS SO ORDERED this 4th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen,* 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).